IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM E. HOPKINS, SR.,            )
                                    )
        Plaintiff,                  )
                                    )
    v.                              ) Civil Action No. 06-92-JJF
                                    )
KRISTOFOR D. STEEL and MILLER )
BROTHERS MASONRY,                   )
                                    )
        Defendants.                 )

**MEMORANDUM ORDER**

Plaintiff William E. Hopkins, Sr., who proceeds <u>pro</u> <u>se</u> and

was granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, brings this

action pursuant to 28 U.S.C. § 1331 and Fed. R. Civ. P. 8(a).

The Court now proceeds to review and screen the complaint

pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed

without prejudice.

I.    **THE COMPLAINT**

Plaintiff alleges that he was discriminated against in his

right to be represented by an attorney.  Plaintiff was involved

in civil litigation in the Delaware State Courts.  Apparently

Plaintiff agreed to allow his attorney to withdraw from the case.

He alleges that counsel for Defendants objected to a continuance

of the trial, and then moved to dismiss the civil action knowing

that Plaintiff was given insufficient time to obtain a lawyer

when the trial was scheduled six days later.

He asks for compensatory damages for abuse and injuries

caused by Defendants.

**II.    STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  Section
1915(e)(2)(B) provides that the Court may dismiss a complaint at
any time, if the action is frivolous, malicious, fails to state a
claim upon which relief may be granted or seeks monetary relief
from a defendant immune from such relief.  An action is frivolous
if it "lacks an arguable basis either in law or in fact."
Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing
Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).
Additionally, pro se complaints are held to "less stringent
standards than formal pleadings drafted by lawyers" and can only
be dismissed for failure to state a claim when "it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'"  Haines
v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson,
355 U.S. 41, 45-46 (1957)).  Inasmuch as plaintiff proceeds pro
se, the Court construes the complaint liberally.  Haines v.
Kerner, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

This case cannot proceed for the simple reason that Plaintiff has not alleged facts that raise a federal question for the Court to consider. Initially, the Court notes that there are no allegations of diversity of citizenship. The essence of Plaintiff's complaint is that during his state civil case, he was discriminated against because he was given insufficient time to obtain retained counsel after discharging his previous counsel. See also, Hopkins v. Steel, 860 A.2d 810, 2004 WL 2149138 (Del. 2004).

There is no constitutional right to counsel in a civil case. Indeed, neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Third Circuit have found a constitutional right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citations omitted). Because the complaint contains no federal question and there are no allegations of diversity of citizenship, the Court has no jurisdiction over the matter. 28 U.S.C. § 1331, 28 U.S.C. § 1332; See e.g., Manchester v. Rzewnicki, 777 F.Supp. 319, 329 (D.Del. 1991), aff'd, 958 F.2d 364 (3d Cir. 1992). The complaint must be dismissed for want of jurisdiction.

The complaint lacks an arguable basis either in law or in fact. Therefore, it is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  CONCLUSION

NOW THEREFORE, at Wilmington this 23 day of March, 2006,

IT IS HEREBY ORDERED that Plaintiff's complaint is **DISMISSED**

**WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Amendment of the complaint would be futile.  See Grayson v.

Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v.

City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

UNITED STATES DISTRICT JUDGE